IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **THINH NGUYEN,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:17-cv-00135-O-BP |
| **STATE FARM LLOYDS,** | § § § | |
| Defendant. | § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant State Farm Lloyds' Motion to Dismiss (ECF No. 9), filed February 17, 2017, and Plaintiff's Response to Defendant's Motion to Dismiss with Brief in Support (ECF No. 16), filed March 10, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 24, 2017. ECF No. 11. A motion to dismiss is an enumerated dispositive motion to which the undersigned may only issue a report and recommendation to Judge O'Connor. 28 U.S.C. § 636(b)(1)(A). After considering the pleadings and applicable law, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 9) be DENIED without prejudice as MOOT.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, the Court granted Plaintiff's unopposed motion to amend his complaint. Fed. R. Civ. P. 15(a); ECF No. 19. By filing Plaintiff's Amended Complaint (ECF No. 20), Plaintiff superseded his original complaint; therefore, Defendant's Motion to Dismiss should be denied as moot, without prejudice to Defendant's right

to refile.[1] *Thomas v. Duetsche Bank Nat. Trust Co.*, No. 3:12-CV-5014-M BF, 2013 WL 673988, at *1 (N.D. Tex. Jan. 21, 2013), *report and recommendation adopted*, No. 3:12-CV-5014-M BF, 2013 WL 673983 (N.D. Tex. Feb. 25, 2013); *see also Mangum v. United Parcel Servs.*, No. 3:09–CV–0385–D, 2009 WL 2700217, at *1 (N.D. Tex. Aug. 26, 2009).

Because Plaintiff's amended pleading superseded his original pleading, on which Defendant's Motion to Dismiss was based, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (ECF No. 9) be DENIED without prejudice as MOOT.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 14, 2017.

*Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court suggests no view on the merits of the Amended Complaint or whether it is subject to dismissal under Rule 12(b)(6).